# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLANCA ECHEVARRIA,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security,<br>　　　　Defendant. | CIVIL ACTION<br><br><br><br>NO. 18-4942 |

DuBois, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 26, 2020

## M E M O R A N D U M

### I.　　INTRODUCTION

This case is an appeal from the final decision of defendant, the Commissioner of Social Security ("Commissioner"), denying plaintiff Blanca Echevarria's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). The denial was based on the decision by an Administrative Law Judge ("ALJ") that plaintiff was not disabled under the SSA. By Order dated May 15, 2019, this Court referred the case to United States Magistrate Judge Linda K. Caracappa for a Report and Recommendation ("R & R"). On June 20, 2019, defendant filed a Motion to Stay. On August 28, 2019, Judge Caracappa issued an R & R recommending that defendant's Motion to Stay be denied and plaintiff's Request for Review be granted. In her Request for Review, plaintiff sought remand of her case for a new hearing before a properly appointed ALJ. Pl.'s Br. 4.

Presently before the Court is defendant's Objection to the R & R. For the reasons that follow, the Court approves and adopts the R & R to the extent it recommends remand of the case

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

for a new hearing before a different, constitutionally appointed ALJ, overrules defendant's Objection, grants in part and denies in part Plaintiff's Request for Review, and denies defendant's Motion to Stay as moot.

II.     BACKGROUND

The background of this case is set forth in Magistrate Judge Caracappa's R & R and will be recited in this Memorandum only as necessary to address defendant's Objection.

Plaintiff is a thirty seven year-old woman. Administrative R. ("R.") at 134. Plaintiff applied for SSI on August 8, 2013, for a disability that allegedly began on December 4, 2012. R. at 16. After her application was denied on January 2, 2014, plaintiff requested a hearing before an ALJ. R. at 32-35. In a decision dated July 26, 2016, the ALJ concluded that plaintiff was not disabled under the SSA. R. at 29. Plaintiff subsequently filed a request for review, which was denied by the Appeals Council on September 13, 2018. R. at 7-10. The ALJ's determination was thus affirmed as the Commissioner's final decision.

Plaintiff commenced this action seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on November 15, 2018. Plaintiff advances two arguments. First, she alleges that the ALJ's decision is not supported by substantial evidence. Compl. ¶ 5. Second, she draws on the Supreme Court's recent decision in *Lucia v. SEC* to argue that the presiding ALJ was an inferior officer and "was not appointed in a manner consistent with the Appointments Clause, U.S. Constitution, Article II, section 2, clause 2." *Id.* ¶ 6; Pl.'s Br. 2. In *Lucia*, the Supreme Court held that the Securities and Exchange Commission's ALJs were inferior officers who needed to be appointed pursuant to the requirements of the Appointments Clause. 138 S.Ct. 2044, 2055 (2018). Plaintiff thus contends that the Social Security Administration's ALJ lacked legal authority to decide her case and requests that the Court

remand the case for a *de novo* hearing before a properly appointed ALJ. Pl.'s Br. 3-4. Plaintiff concedes that she failed to raise this argument during her administrative proceedings before either the ALJ or the Appeals Council. *Id.* at 3.

In response, the Commissioner does not dispute that the presiding ALJ was improperly appointed, Def.'s Resp. 5 n.2, but argues that plaintiff's Appointments Clause claim must be dismissed because it was not timely raised during the administrative process, *id.* at 4-14. On June 20, 2019, defendant filed a Motion to Stay pending appeal to the Third Circuit of two lower court decisions regarding whether *Lucia* objections must be raised and preserved during the administrative process. Def.'s Mot. Stay 1-3.

On May 15, 2019, this Court referred the case to Magistrate Judge Linda K. Caracappa for a Report and Recommendation. Judge Caracappa concluded that the ALJ was not appointed "in accordance with constitutional requirements" and that plaintiff was "not required to preserve her *Lucia* objection at the initial administrative level of review." R&R at 3. Judge Caracappa thus recommended that the case be "remanded for further proceedings before a different, constitutionally appointed, ALJ." *Id.* at 17. Judge Caracappa also recommended that defendant's Motion to Stay be denied. *Id.* at 3. Defendant filed his Objection to the Magistrate Judge's Report and Recommendation (Doc. No. 18) on September 5, 2019. Plaintiff responded on September 17, 2019 (Doc. No. 20).

### III. APPLICABLE LAW

A district court evaluates *de novo* those portions of a magistrate judge's Report and Recommendation to which an objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

Defendant raises several objections to Judge Caracappa's R & R. First, defendant contends that Judge Caracappa erred in recommending denial of defendant's Motion to Stay. Def.'s Obj. 5. Next, defendant argues that plaintiff was required to raise her Appointments Clause claim during the administrative process and that Judge Caracappa's recommendation that plaintiff's request for review be granted is based on errors of law. Def.'s Obj. 6, 15. The Court addresses each of Judge Caracappa's recommendations in turn.

### A. Defendant's Motion to Stay

Defendant moved for a stay in this case pending a decision in a consolidated appeal of two cases decided by Chief Judge Christopher Conner of the Middle District of Pennsylvania—*Bizarre v. Berryhill*, No. 19-1773 (3d Cir.) and *Cirko v. Berryhill*, No. 19-1772 (3d Cir.). Def.'s Mot. Stay 2. In both cases, Chief Judge Conner held that plaintiffs had not waived their Appointments Clause claims by failing to exhaust them during the administrative process. *See Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019); *Cirko v. Berryhill*, No. 17-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019). After weighing the competing interests of plaintiff and defendant, Judge Caracappa recommended that defendant's Motion to Stay be denied. R&R at 6.

The Third Circuit decided the consolidated appeal in the *Bizarre* and *Cirko* cases on January 23, 2020. *See Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020). The Motion to Stay is now moot, and is denied on that ground.

### B. Plaintiff's Request for Review

Defendant contends that, because plaintiff did not raise her challenge to the presiding ALJ's appointment during the administrative process, her claim was forfeited. Def.'s Obj. 6-15.

4

Judge Caracappa disagreed, concluding that plaintiff had not forfeited her claim because, *inter alia*, the "case law, statutes and regulations do not impose an issue-exhaustion requirement of Appointment Clause challenges in the Social Security administrative proceeding context" and a challenge to the ALJ's appointment during the administrative process would have been futile. R&R at 12, 14. Defendant objects that Judge Caracappa's recommendation is based on errors of law, arguing that it is inconsistent with Third Circuit precedent. Def.'s Obj. 15-19.

The Third Circuit held in *Cirko* that claimants for Social Security disability benefits need not exhaust their Appointments Clause challenges before the Agency. 948 F.3d at 152. The court reasoned, *inter alia*, that the nature of Appointments Clause challenges does not favor exhaustion as such challenges represent "structural constitutional claims." *Id.* at 153. The court further noted that the characteristics of SSA review—particularly the lack of an express exhaustion requirement and the inquisitorial nature of ALJ hearings—counseled against requiring exhaustion. *Id.* at 155-56 (citing *Sims v. Apfel*, 530 U.S. 103 (2000)). Finally, the court concluded that there was "little legitimate governmental interest in requiring exhaustion." *Id.* at 159.

Based on *Cirko*, this Court concludes that plaintiff was not required to exhaust her Appointments Clause claim before the Agency. The Court thus approves and adopts the R & R to the extent it recommends remand for a *de novo* hearing before a different, constitutionally appointed ALJ, and overrules defendant's Objection. The Court grants in part and denies in part plaintiff's Request for Review. The Request for Review is granted to the extent that it seeks a remand to the Commissioner to determine plaintiff's entitlement to Supplemental Security Income under Title XVI of the Social Security Act. It is denied in all other respects.

## V. CONCLUSION

For the foregoing reasons, the R & R is approved and adopted to the extent it recommends remand for a *de novo* hearing before a different, constitutionally appointed administrative law judge, defendant's Objection to the Magistrate Judge's Report and Recommendation is overruled, defendant's Motion to Stay is denied as moot, and plaintiff's Request for Review is granted in part and denied in part. The Court remands the matter to the Commissioner, pursuant to 42 U.S.C. § 405(g), for a *de novo* hearing before a different, constitutionally appointed administrative law judge.[2] The Request for Review is denied in all other respects. An appropriate order follows.

---

[2] Because the improperly-appointed ALJ's decision denying benefits was a nullity, the Court does not address the merits of plaintiff's additional claim that the ALJ's decision was not supported by substantial evidence.